JAMES LUKE, JR. *vs.* GEORGE FISHER.

An indorsement of C.'s note by A. to B. is a good consideration for a note from B. to A., and it is no defence to B.'s note that he failed to recover against C. on the note indorsed to him by A.

ASSUMPSIT on a promissory note, not negotiable, made by the defendant to the plaintiff, dated July 24th, 1847, for $209.00, payable on demand, with interest. The defence was a want of consideration. At the trial in the court of common pleas, before *Mellen,* J. it appeared that the note in suit was given by the defendant to the plaintiff on the day of its date, in part payment for a note of $400, then indorsed in blank by the plaintiff to the defendant, and the balance was paid by the defendant to the plaintiff in money.

The note for $400 was dated March 3, 1847, signed by Daniel Leland, Jr., Jesse Fogg, and Willard A. Harrington, and payable to the plaintiff or order, in six months from date, with interest. No evidence was offered of a demand and notice to charge the plaintiff as indorser of said note.

It was admitted for the purposes of the trial, that said $400 note was obtained by the plaintiff of said Leland, and the other makers, by false and fraudulent representations, made by the plaintiff, and that the present defendant was defeated in a suit brought by him upon said note, against the makers thereof, by reason of such fraud, and that he, the defendant, took the said note without notice of the said fraud.

Upon which evidence the presiding judge instructed the jury, that upon the foregoing facts the plaintiff was entitled

to a verdict, and a verdict was accordingly rendered for the plaintiff. The defendant excepted to this ruling.

*B. Jacobs*, for the defendant.

*E. Buttrick*, for the plaintiff.

Bigelow, J. The defendant objects to the recovery by the plaintiff upon the note declared on, that it was without consideration; but it is very clear, upon the facts stated in the bill of exceptions, that this ground of defence is wholly untenable. In the first place, the plaintiff's indorsement upon the note of four hundred dollars, for which the note in suit was given, was a good consideration. The liability of the plaintiff on that note as indorser was not affected by his fraud in procuring it; on the contrary, his indorsement of it to the defendant was a guaranty that it was a good and valid note as against the promisors, and a promise on his part to pay it, if they failed to do so, upon due demand and notice.

In the next place, the present defendant, being a *bonâ fide* holder of the note for four hundred dollars, having taken the same for value before it was due, and without notice of the fraud, had a right to recover upon it as against the promisors, notwithstanding it was obtained of them by fraud, on the part of the present plaintiff. Such fraud would have been a good defence to that note in the hands of the plaintiff, but was no answer to it as against the defendant. It is difficult to understand how the defendant was defeated in his attempt to recover that note of the promisors. Certainly, if the facts stated in the bill of exceptions are true, they had no valid defence to the note in an action brought upon it by him. But the erroneous verdict and judgment in that action cannot in any way affect the rights of the parties to the present suit. The defendant received, in exchange for the note in suit, precisely what he agreed to take, namely, a note for four hundred dollars, upon which both promisors and indorser were legally liable to him. He cannot now, therefore, be heard to say, that he received no valid consideration for the note now claimed of him.  *Exceptions overruled.*